IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY GARDNER** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-4865** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 23rd day of November, 2020, upon consideration of Anthony Gardner's Motion to Proceed *In Forma Pauperis* (ECF No. 4), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 1), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Anthony Gardner, # CS6493, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Superintendent of SCI-Dallas or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Gardner's inmate account; or (b) the average monthly balance in Gardner's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Gardner's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Gardner's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Dallas.

4. The Complaint is **DEEMED** filed.

5. Gardner's Complaint is **DISMISSED, *in part*, with prejudice** and, ***in part*, without prejudice,** as follows:

   a. Gardner's claim under the Thirteenth Amendment is **DISMISSED, with prejudice,** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   b. All other claims are **DISMISSED, without prejudice,** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal of claims due to the *Heck* bar is without prejudice to Gardner filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

6. The Clerk of Court is directed to mark this matter **CLOSED**.

                      **BY THE COURT:**

                      /s/ *Nitza I. Quiñones Alejandro*
                      **NITZA I. QUIÑONES ALEJANDRO**
                      *Judge, United States District Court*