IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY GARDNER** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 20-4865** |
| | : | |
| **CITY OF PHILADELPHIA**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                     AUGUST 30, 2021

In a prior Memorandum and Order (*see* ECF Nos. 6, 7), this Court dismissed the Complaint filed by Anthony Gardner pursuant to 42 U.S.C. § 1983. In said complaint, Gardner, a Pennsylvania state prisoner, had asserted a claim under the Thirteenth Amendment that was dismissed with prejudice. The remainder of his RICO claims, asserting his convictions were obtained through fraud, were dismissed without prejudice since they were deemed barred by *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a claim under § 1983 may not proceed where the relief sought is release from custody), or *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that where a claim for money damages "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is pursued, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]" (footnote and citation omitted).) However, Gardner was advised that he could bring a new civil action to raise his claims if his convictions were ever reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of *habeas corpus*. While Gardner filed an unsuccessful motion to reconsider the Court's ruling, he did not appeal that ruling.

Gardner has now returned with an Amended Complaint that he claims to file pursuant to Federal Rule of Civil Procedure 60(b). In the pleading, Gardner cites *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 278 (3d Cir. 2021) (which held that a *habeas* petitioner asserting a *Brady* claim that two witnesses at trial received undisclosed benefits in exchange for their testimony could raise the claim under Rule 60(b)), as grounds to assert a request for discovery for a "complete transcription of the Pa. web portal, records and names of the individuals & authorities in charge of those transmissions" and a transcript of his own criminal trial. (ECF No. 10 at 2 (superfluous capitalization and punctuation omitted).) Gardner claims to seek this information "because that comparison could void his prior Federal Criminal Court Judgments."[1] (*Id.*) He also claims this information "pertains to fraud upon the Federal Court." (*Id.*) For the following reasons, Gardner's pleading, which is construed as a Motion pursuant to Rule 60(b),[2] is denied.

Federal Rule of Civil Procedure ("Rule") 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] It is unclear to what federal criminal judgment Gardner refers. The judgment in this case is, of course, a judgment in a civil suit and not a criminal case.

[2] Although labeled an "Amended Complaint," because Gardner's pleading cites to Rule 60(b) and present no actual claims and, further, appears to challenge the Court's prior adjudication of the claims in the original Complaint, the pleading is properly deemed a motion pursuant to Rule 60(b).

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of the order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).  As the judgment in this case was filed on November 23, 2020, the Motion is timely.  Nonetheless, the motion is without merit.

First, a review of state court records confirms that Gardner's conviction remains valid and intact.  *See Commonwealth v. Gardner*, CP-51-CR-403831-1990 (C.P. Phila.).  Accordingly, the status of Gardner's original claims that were found to be barred by *Preisser* and/or *Heck* has not changed.  Second, the Court can discern nothing in Gardner's request for "discovery" of his trial transcript, information about a web portal, or records and names of the individuals and authorities that relates to or provides a basis for relief under any subpart of Rule 60(b).  Third, Gardner's citation to *Bracey* is immaterial to any claim in his original Complaint, or as a basis for Rule 60(b) relief on the dismissal of those claims, since *Bracey* involved a federal *habeas corpus* petition, not a claim for money damages in a civil action.

Accordingly, Gardner's request for relief under Rule 60(b) is denied.  An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*